

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-31-2005

# Solarchick v. Metro Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3143

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Solarchick v. Metro Life Ins Co" (2005). *2005 Decisions.* Paper 633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3143
_____

JASON A. SOLARCHICK, a minor by;
ALAN SOLARCHICK; CARLA SOLARCHICK,
his parents, his Guardians, and in
their own rights,

Appellants

v.

METROPOLITAN LIFE INSURANCE COMPANY;
JOHN T. DALEY; TONYA L. DALEY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 01-cv-00444)
District Judge:  The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2005

Before: *NYGAARD, SMITH, and FISHER, <u>Circuit</u> <u>Judges</u>.

(Filed : August 31, 2005)

_____
*Honorable Richard L. Nygaard assumed senior status on July 9, 2005

NYGAARD, Circuit Judge.

Appellants, the Solarchicks[1], appeal from an order of the District Court granting summary judgment in favor of Metropolitan Life Insurance Company on the Solarchick's claims relating to MetLife's alleged fraudulent misrepresentations. Guided by our recent decision in *Tran v. Metropolitan Life Insurance Co.*, 408 F.3d 130 (3d Cir. 2005), we conclude that there are genuine issues of material fact, and will reverse.

Inasmuch as we are write only for the parties, we will not recapitulate the extensive facts. At issue are four insurance policies purchased by the Solarchicks, three of which were purchased in 1990 and one of which in 1995. The Solarchicks allege that MetLife made various oral misrepresentations with respect to each policy. Additionally, the Solarchicks allege that MetLife falsely represented each policy to be investment or retirement plans rather than insurance policies.

The District Court held that the claims were time-barred. It reasoned that Pennsylvania's discovery rule was inapplicable because the Solarchicks failed to exercise reasonable diligence. The Court held that the Solarchicks could not reasonably rely upon alleged oral misrepresentations when the "plain language" of the policies "expressly

---

1. This case is brought by Jason A. Solarchick, a minor, through his parents Alan and Carla Solarchick, and by his parents in their own rights.

contradicted" the alleged oral misrepresentations.  Specifically, the District Court stated that the Solarchicks were clearly put on notice of all of their claims, had they exercised reasonable diligence, when the policies were issued. Accordingly, the District Court granted MetLife's Motion for Summary Judgment.

Our recent decision in *Tran*, however, is contrary to the District Court's reasoning. In *Tran*, we held that the insured's failure to read the policy did not preclude the fraud claim.  *Tran*, 408 F.3d at 138.  We stated that summary judgment was inappropriate because the district court's determination that Tran could not justifiably rely on the agent's representations as  matter of law rested almost entirely on its erroneous conclusion that Tran had a duty to read his policy or have it read to him.  *Id.*  We reasoned that Pennsylvania law does not impose a duty to read insurance policies when the insureds allege fraud.  *Id* at 136.

Following our decision in *Tran*, we conclude that there are genuine issues of material fact as to whether MetLife made fraudulent misrepresentations, whether the Solarchicks were relieved of their duty to read their policy and whether their claims are time-barred.  Therefore, we will reverse and remand to the District Court for further proceedings consistent with this opinion.